UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-20247

ESR PERFORMANCE CORP.,

    Plaintiff,

vs.

JVMAX, INC.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ESR Performance Corp. ("Plaintiff" or "ESR") a/k/a VMS Racing, sues Defendant, JVMAX, Inc. ("Defendant" or "JVMAX"), and alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement ("Count I"), pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114, and unfair competition ("Count II"), pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2. ESR owns the trademark that is the subject of United States trademark registration no. 4,954,143 (the "'143 Registration," attached hereto as Exhibit A), which issued May 10, 2016 on the principal register of the United States Patent and Trademark Office ("USPTO").

3. The trademark that is the subject of the '143 Registration (the "ESR Trademark") "consists of a three-dimensional configuration of an auto-mobile antenna that is shaped like a bullet cartridge." *See* Exhibit A, the '143 Registration.

1

## THE PARTIES

4. ESR is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Miami-Dade County, Florida.

5. JVMAX is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Seminole County, Florida.

## JURISDICTION

6. Pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over this action because it involves substantial claims arising under the Lanham Act.

7. This Court has personal jurisdiction over JVMAX because it is a corporation organized and existing under the laws of the State of Florida and has its principal place of business in the State of Florida. Moreover, JVMAX has conducted and does conduct business within the State of Florida. JVMAX, directly and/or through authorized agents, offers for sale, sells, and advertises its products in the United States, the State of Florida, and the Southern District of Florida. JVMAX, directly and/or through its authorized agents, has committed the torts of trademark infringement and unfair competition within the State of Florida and, more particularly, within the Southern District of Florida. JVMAX is engaged in substantial and not isolated activity within the State of Florida.

8. Pursuant to 28 U.S.C. § 1391,Venue is proper in the Southern District of Florida because: (a) a substantial part of the events or omissions giving rise to the claims occurred in this district, and/or (ii) Defendant is subject to the Court's personal jurisdiction.

**GENERAL ALLEGATIONS**

9. ESR is engaged in the business of, amongst other things, selling original and third party aftermarket automotive equipment.

10. Plaintiff commenced using the ESR Trademark in interstate commerce at least as early as November 3, 2010.

11. On or about April 23, 2015, Plaintiff applied to register the ESR Trademark with the USPTO on the Principal Register, U.S. Application Serial No. 86-608,054.

12. On or about May 10, 2016, the USPTO issued the '143 Registration for the ESR Trademark on the Principal Register. *See* Exhibit A, the '142 Registration.

13. Plaintiff is the owner of all rights in and to the ESR Trademark.

14. The ESR Trademark is used in connection with ESR's manufacture and distribution of high quality goods, specifically automobile antennas.

15. Plaintiff has used the ESR Trademark in interstate commerce to identify and distinguish ESR's high quality goods for an extended period of time.

16. The ESR Trademark is a symbol of ESR's quality, reputation, and goodwill, and has never been abandoned.

17. ESR has extensively used, advertised, and promoted the ESR Trademark in the United States in association with automobile antennas.

18. As a result of ESR's efforts, members of the consuming public readily identify merchandise bearing or sold under the ESR Trademark, as being high quality, originating from, sponsored, and/or approved by ESR.

19. Accordingly, the ESR Trademark has acquired secondary meaning as an identifier of ESR in connection with automobile antennas.

20. Due to the target market, extensive advertising of, and length and breadth of distribution of Plaintiff's products containing the ESR Trademark, the ESR Trademark has gained commercial strength in the minds of the relevant consuming public.

21. ESR carefully monitors and polices the use of the ESR Trademark.

22. ESR has never assigned or licensed the ESR Trademark to JVMAX or otherwise authorized JVMAX's use of the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof.

23. ESR has never consented to or authorized JVMAX's sale, offering for sale, distribution, promotion, and/or advertising of goods or services bearing the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof.

24. On or about June 24, 2015, JVMAX attempted to purchase a product comprising of the ESR Trademark from Plaintiff so that it could be examined and copied.

25. Shortly thereafter, JVMAX began importing, selling, offering for sale, distributing, promoting and/or advertising products comprising three-dimensional auto-mobile antennas that are shaped like a bullet cartridge (the "Infringing Products").

26. Indeed, the JVMAX's Infringing Products are shaped just like the ESR Trademark, or, at minimum, a reproduction, counterfeit, copy, or colorable imitation thereof.

27. JVMAX has and continues to sell offer for sale, distribute, promote and/or advertise the Infringing Products through a numerous outlets, including, but not necessarily limited to: (a) its online store (http://antennax.com); (b) third party internet marketplace website operators and/or administrators, including, but not limited to, Amazon and Ebay; and (c) third party retailers.

28. Both parties target their advertising and marketing to the same or similar consumers.

29. Both parties distribute their products nationally through the same or similar channels of distribution.

30. JVMAX's intentional copying of the ESR Trademark makes it clear that JVMAX intended to trade off of ESR's good will and intended to create confusion among consumers about the source and origin of the parties' goods.

31. JVMAX's use of the Infringing Products and ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, is likely to cause some consumers to believe JVMAX's Infringing Products come from ESR.

32. JVMAX's use of the Infringing Products and ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, is likely to cause some consumers to believe, at least some of, ESR's products come from JVMAX.

33. JVMAX's use of the Infringing Products and ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, is likely to cause initial interest confusion.

34. JVMAX's use of the Infringing Products and ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, is likely to cause post sale confusion.

35. ESR has suffered monetary damages as a result of JVMAX's use of the Infringing Products and ESR Trademark.

36. JVMAX has generated significant profit from its sales of Infringing Products.

## MISCELLANEOUS

37. All conditions precedent to brining this action have occurred or been waived.

38. ESR has retained counsel for the purpose of this litigation and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### TRADEMARK INFRINGEMENT
### PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

39. ESR re-alleges and incorporates by reference the allegations of paragraphs 1-38 inclusive, as though fully set forth herein.

40. Plaintiff owns all rights in and to the ESR Trademark, which is valid and registered on the Principal Register of the USPTO. *See* Exhibit A, the '143 Registration.

41. JVMAX has and is selling, offering for sale, distributing, promoting and/or advertising Infringing Products (goods) bearing the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof.

42. JVMAX's sale, offering for sale, distribution, promotion, and/or advertising of Infringing Products bearing the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, is likely to cause confusion, mistake, and/or deceive members of the trade and/or the general consuming public as to the origin and/or quality of JVMAX's Infringing Products.

43. JVMAX has and is using the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, in application with labels, signs, prints, packages, wrappers, receptacles, and/or advertisements that are intended to be used in connection with the sale, offering for sale, distribution, promotion, and/or advertising of the Infringing Products.

44. JVMAX's use of the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, in application with labels, signs, prints, packages, wrappers, receptacles, and/or advertisements that are intended to be used in connection with the sale,

offering for sale, distribution, promotion, and/or advertising of the Infringing Products is likely to cause confusion, mistake, and/or deceive members of the trade and/or the general consuming public as to the origin and/or quality of JVMAX's Infringing Products.

45. ESR did not authorize JVMAX's wrongful actions as described above.

46. JVMAX's wrongful actions as described above are an infringement of ESR's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. After a reasonable opportunity for further investigation or discovery evidence will likely show that JVMAMX's infringing activities were and are committed with knowledge that they have caused and are causing confusion, mistake, and/or deception among members of the trade and/or the general consuming public as to the origin and/or quality of JVMAX's Infringing Products.

48. After a reasonable opportunity for further investigation or discovery evidence will likely show that JVMAX's infringing activities and use of the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, was and is done with knowledge of ESR's prior rights thereto, and with the intention to trade upon the goodwill and reputation appurtenant to the ESR Trademark.

49. As a direct and proximate result of JVMAX's wrongful conduct, ESR has suffered substantial monetary damages and additional loss, including, but not limited to, damage to its business reputation and goodwill, for which ESR has no adequate remedy at law.

50. ESR is entitled to recover damages it has suffered which include its losses and all profits JVMAX has made in connection with its wrongful conduct, pursuant to 15 U.S.C. § 1117.

51. WHEREFORE, ESR demands judgment on Count I of this Complaint and an award of equitable relief and monetary relief against JVMAX as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining JVMAX, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from: (i) manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell its products bearing the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof; (ii) infringing Plaintiff's exclusive rights to the ESR Trademark; (iii) using the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the sale of its goods; (iv) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent JVMAX's goods as being those of ESR or in any way endorsed by ESR and from offering such goods in commerce; and (vi) otherwise unfairly competing with ESR;

B. Entry of an Order requiring all internet marketplace website operators and/or administrators, including, but not limited to, Amazon and Ebay, permanently remove any and all listings associated images of goods bearing JVMAX's counterfeits and/or infringements of the ESR Trademark from their e-commerce stores;

C. Entry of an Order requiring JVMAX to account to and pay ESR for all profits and damages resulting from JVMAX's counterfeiting and/or infringement of the ESR Trademark and/or its unfairly competitive activities and that the award to ESR be trebled, as provided for under 15 U.S.C. § 1117(a)-(b); or, at ESR's election, that ESR be awarded statutory damages from JVMAX in the amount of two million dollars ($2,000,000.00) per counterfeit trademark used or type of goods sold, offered for sale, and/or distributed, as provided for under 15 U.S.C. § 1117(c)(2);

D.    Entry of an Order deeming this action to be an exceptional case and awarding ESR's costs and reasonable attorneys' fees and investigative frees associated with brining this action, pursuant to 15 U.S.C. § 1117(a);

E.    Entry of an Order that, upon ESR's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including, but not limited to, Amazon, Ebay, and Paypal, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with JVMAX, its seller IDs, or other aliases JVMAX presently uses or may use in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to ESR in partial satisfaction of the monetary judgment entered herein;

F.    Entry of an award of pre-judgment interest on the judgment amount, pursuant to 26 U.S.C. § 6621(a)(2); and

G.    Entry of an Order for any further relief as the Court may deem just and proper.

## COUNT II
## UNFAIR COMPETITION
## PURSUANT TO THE LANHAM ACT (15 U.S.C. § 1125)

52.    ESR re-alleges and incorporates by reference the allegations of paragraphs 1-38 inclusive, as though fully set forth herein.

53.    Plaintiff owns all rights in and to the ESR Trademark, which is valid and registered on the Principal Register of the USPTO. *See* Exhibit A, the '143 Registration.

54.    Defendant's sale, offering for sale, distribution, promotion, and/or advertising of Infringing Products bearing the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, is likely to confuse, mislead, or deceive consumers, the public, and

the trade as to the origin and/or source of Infringing Products, and/or is likely to cause such parties to believe in error that the Infringing Products have been originated, sourced, authorized, sponsored, approved, endorsed, or licensed from ESR, or that JVMAX is in some way affiliated with ESR.

55. ESR did not authorize JVMAX's wrongful actions as described above.

56. JVMAX's wrongful actions as described above constitute unfair competition, false designation of origin, and trademark infringement, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. After a reasonable opportunity for further investigation or discovery, evidence will likely show that JVMAX's wrongful actions as described above were and are committed with knowledge that they would likely cause confusion, mistake, and/or deception among members of the trade and/or the general consuming public as to the origin and/or quality of the Infringing Products, and/or likely cause such parties to believe in error that the Infringing Products have been originated, sourced, authorized, sponsored, approved, endorsed, or licensed from ESR, or that JVMAX is in some way affiliated with ESR.

58. After a reasonable opportunity for further investigation or discovery, evidence will likely show that JVMAX's wrongful actions as described above, were and are committed with knowledge of ESR's prior rights to the ESR Trademark, and with the intention to trade upon the goodwill and reputation appurtenant to the ESR Trademark.

59. As a direct and proximate result of JVMAX's wrongful conduct, ESR has suffered substantial monetary damages and additional loss, including, but not limited to, damage to its business reputation and goodwill, for which ESR has no adequate remedy at law.

60. ESR is entitled to recover damages it has suffered which include its losses and all profits JVMAX has made in connection with its wrongful conduct, pursuant to 15 U.S.C. § 1117.

61. WHEREFORE, ESR demands judgment on Count II of this Complaint and an award of equitable relief and monetary relief against JVMAX as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining JVMAX, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from: (i) manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell its products bearing the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof; (ii) infringing Plaintiff's exclusive rights to the ESR Trademark; (iii) using the ESR Trademark, or a reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the sale of its goods; (iv) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent JVMAX's goods as being those of ESR or in any way endorsed by ESR and from offering such goods in commerce; and (vi) otherwise unfairly competing with ESR;

B. Entry of an Order requiring all internet marketplace website operators and/or administrators, including, but not limited to, Amazon and Ebay, permanently remove any and all listings associated images of goods bearing JVMAX's counterfeits and/or infringements of the ESR Trademark from their e-commerce stores;

C. Entry of an Order requiring JVMAX to account to and pay ESR for all profits and damages resulting from JVMAX's false designation of origin, infringement of the ESR

Trademark and/or its unfairly competitive activities and that the award to ESR be trebled, as provided for under 15 U.S.C. § 1117(a);

D.    Entry of an Order deeming this action to be an exceptional case and awarding ESR's costs and reasonable attorneys' fees and investigative frees associated with brining this action, pursuant to 15 U.S.C. § 1117(a);

E.    Entry of an Order that, upon ESR's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including, but not limited to, Amazon, Ebay, and Paypal, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with JVMAX, its seller IDs, or other aliases JVMAX presently uses or may use in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to ESR in partial satisfaction of the monetary judgment entered herein;

F.    Entry of an award of pre-judgment interest on the judgment amount, pursuant to 26 U.S.C. § 6621(a)(2); and

G.    Entry of an Order for any further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 19, 2018.

                                           Respectfully submitted,

                                           By:     */s/ David F. Tamaroff*
                                           **David F. Tamaroff, Esq.**
                                           Fla. Bar No. 92084
                                         Email: dt@lipscombpartners.com
                                         **LIPSCOMB & PARTNERS, PLLC**
                                         25 SE 2nd Avenue, 8th Floor
                                         Miami, Florida 33131-1506
                                         Telephone: (783) 431-2228
                                         Facsimile: (786) 431-2229
                                         *Counsel for Plaintiff, ESR Performance Corp.*