UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESR PERFORMANCE CORP.,

    Plaintiff,

v.                                        Case No. 6:18-cv-1601-Orl-37GJK

JVMAX, INC.,

    Defendant.

### ORDER

Before the Court is Plaintiff ESR Performance Corp.'s ("**ESR**") motion to dismiss Defendant JVMAX, Inc's ("**JVMAX**") counterclaim. (Doc. 33 ("**Motion**").) JVMAX responded. (Doc. 38.) On review, the Motion is due to be granted in part and denied in part.

### I.    BACKGROUND

This is a trademark infringement action. ESR is a Florida business that sells original and third-party automotive equipment. (Doc. 28, ¶ 10 ("**Operative Complaint**").) JVMAX is also a Florida entity that sells automotive equipment. (*Id.* ¶ 26.) ESR has been selling bullet shaped automobile antennas since July 12, 2010. (*Id.* ¶¶ 11, 18.) Around June 24, 2015, JVMAX tried to buy ESR's bullet shaped antennas, but ESR canceled the order and refunded the purchase price. (*Id.* ¶ 25.) After that refusal, ESR claims JVMAX began selling, distributing, and advertising automobile antennas shaped like a bullet. (*Id.* ¶ 26.)

So, on April 23, 2015, ESR applied to the United States Patent and Trademark

Office ("**USPTO**") to register the bullet shaped antenna design mark ("**ESR Trademark**"). (*Id.* ¶ 12.) The USPTO issued a trademark registration for the ESR Trademark on May 10, 2016. (*Id.* ¶ 13.) On June 14, 2016, JVMAX petitioned the Trademark Trial and Appeal Board ("**TTAB**") to cancel the ESR Trademark. (*Id.* ¶ 38.) Following discovery and trial, the TTAB canceled the ESR Trademark, finding that "the purported mark ha[d] not acquired distinctiveness." (*Id.* ¶ 39.)

With that, ESR sues for: (1) trademark infringement under the Lanham Act; (2) unfair competition under the Lanham Act; (3) judicial review of the TTAB decision; (4) declaratory judgment of the acquired distinctiveness; (5) declaratory judgment of no fraud on the USPTO; and (6) declaratory judgment that the trademark is not functional. (*Id.* ¶¶ 43–137.) JVMAX answered and filed an amended counterclaim for: (1) cancelation of the trademark registration for lack of acquired distinctiveness; (2) cancelation of the trademark registration for fraud on the USPTO; (3) cancelation of the trademark registration for aesthetic functionality; (4) declaratory judgment of invalidity; (5) declaratory judgment of non-infringement; (6) unfair competition under the Lanham Act; (7) unfair competition under the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"); (8) cancelation of ESR's pending trademark applications; (9) declaratory judgment of non-infringement; and (10) tortious interference with a business relationship. (Doc. 29, pp. 18–36 ("**Amended Counterclaim**").)[1]

---

[1] JVMAX previously filed a counterclaim directed at ESR's first amended complaint. (Docs. 16, 18.) Additionally, with leave (Doc. 61), Defendant later filed a supplemental counterclaim, adding two additional causes of action (Doc. 62, ¶¶ 6–83).

Now, ESR moves to dismiss Counts Three, Seven, Eight, and Ten of the Amended Counterclaim for failure to state a claim. (Doc. 33.) With JVMAX's response (Doc. 38), the matter is ripe.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

ESR seeks dismissal of several counts of the Amended Counterclaim for failure to state a claim. (Doc. 33.) The Court takes each argument in turn.

### A.  Count Three: Cancelation due to Aesthetic Functionality

First, ESR attacks Count Three, cancelation of the trademark due to aesthetic functionality. For this claim, JVMAX asserts the ESR trademark should be canceled

because the bullet shaped design is merely a competitive feature, not related to the source of the goods. (Doc. 29, p. 21.) ESR contends the claim fails based on issue preclusion, as the TTAB already decided this issue. (Doc. 33, pp. 5–6.) JVMAX counters that a district court reviews a TTAB decision *de novo* under the Lanham Act so there is no issue preclusion. (Doc. 38, pp. 4–7.) The Court agrees with JVMAX.

Under the Lanham Act, a party challenging a TTAB decision following a cancelation proceeding has two options: (1) appeal the TTAB decision to the U.S. Court of Appeals for the Federal Circuit pursuant to § 1071(a); or (2) initiate a civil action in a U.S. District Court pursuant to § 1071(b). *See* 15 U.S.C. § 1071. This action falls under the latter, which is subject to *de novo* review. *See B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1301 (2015) (stating that "the judge resolves registration *de novo*"); *see also id.* at 1306 (explaining that in § 1071(b) Congress "authorized *de novo* challenges for those 'dissatisfied' with TTAB decisions"). Only if a party fails to seek appellate review is the TTAB decision entitled to preclusive effect.[2] *See id.* at 1305 ("Ordinary preclusion law teaches that if a party to a court proceeding does not challenge an adverse decision, that decision can have preclusive effect in other cases, even if it would have been reviewed *de novo*.") As that is clearly not the case here, issue preclusion does not bar Count Three.

---

[2] *See, e.g.*, *Wilson v. Corning, Inc.*, No. 13-210 (DWF/FLN), 2018 WL 2392007, at *4 (D. Minn. May 25, 2018) (finding *B&B Hardware* distinguishable and declining to apply issue preclusion because the party sought to appeal the U.S. Patent and Trial Appeal Board's decision); *Hanginout, Inc. v. Google, Inc.*, No. 13cv2811 AJB (NLS), 2015 WL 11254689, at *3 (S.D. Cal. June 3, 2015) ("The holding of *B&B* however, is not as far-reaching . . Because the TTAB decision in *B&B* was not appealed . . . Whether any decision of the TTAB would be binding on this Court . . . depends on whether that decision will be appealed.")

B.  **Count Seven: FDUTPA Unfair Competition**

Next, ESR asserts JVMAX's FDUTPA unfair competition claim fails because JVMAX did not allege injury or detriment to consumers. (Doc. 33, p. 6.) ESR is right. To properly plead a FDUTPA claim, the claimant need not be a consumer but must allege injury or detriment to consumers. *See Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015) ("Therefore, while the claimant would have to prove that *there was an injury or detriment to consumers* in order to satisfy all of the elements of a FDUTPA claim, the claimant *does not have to be a consumer* to bring the claim."). As that allegation is missing from the Amended Counterclaim, the FDUTPA claim is due to be dismissed. ESR's Motion is granted with respect to Count Seven of the Amended Counterclaim.

C.  **Count Eight: Cancelation of Pending Trademark Applications**

Next, ESR alleges that JVMAX's claim for cancelation of pending trademark applications fails due to lack of jurisdiction over pending trademark applications. (Doc. 33, pp. 7–8.) JVMAX resists, contending that a federal district court can exercise jurisdiction over pending marks if a sufficient nexus exists between the registered mark and pending marks. (Doc. 38, pp. 8–10.)

15 U.S.C. § 1119 states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." A prerequisite to a court taking such action is the actual registration of a trademark by the USPTO; not a pending trademark

application. *See* 15 U.S.C. § 1127 ("The term 'registered mark' means a mark registered in the [USPTO] under this chapter."); *see also Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005) ("[T]he existence of a pending application is not sufficient.").[3]

In Count Eight, JVMAX requests the Court cancel ESR's pending trademark applications (Doc. 29, pp. 23–34), but the Court lacks jurisdiction to adjudicate whether the pending trademarks may be registered.[4] So this claim is dismissed for lack of jurisdiction.

### D. Count Ten: Tortious Interference with a Business Relationship

Last, JVMAX contends that ESR interfered with its business relationships when it

---

[3] Some courts have held that a district court may exercise jurisdiction over a pending trademark when one of the parties has a registered mark with a "sufficient nexus" to the pending trademark applications. *See, e.g., Amy's Ice Creams, Inc. v. Amy's Kitchen, Inc.*, 60 F Supp. 3d 738, 744–45 (W.D. Tex. 2014) (finding the nexus between the registered and pending trademarks "sufficient to give this Court jurisdiction"); *see also Johnny Blastoff Inc. v. Los Angeles Rams Football Co.*, No. 97-C-155-C, 1998 WL 766703, at *11 (W.D. Wisc. June 24, 1998) (explaining that Section 1119 "allow[s] intrusion into trademark application proceedings only when there is a sufficient nexus between the application proceeding and the dispute involving the registered mark"); *Forever 21, Inc. v. Gucci Am., Inc.*, No.: CV 17-04706 SJO (Ex), 2018 WL 5860684, at *3 (C.D. Cal. Feb. 9, 2018) ("[W]hen the pending applications are closely related to the marks over which a court *does* have jurisdiction, that court is permitted to make a determination regarding registerability [sic].")

[4] Even if the Court considered the nexus, the relationship is insufficient here. The pending marks are not "substantially identical" to the ESR Trademark. *Cf. Forever 21, Inc. v. Gucci Am., Inc.*, No.: CV 17-04706 SJO (Ex), 2018 WL 5860684, at *3 (C.D. Cal. Feb. 9, 2018) (explaining that the court has standing to consider the pending marks because the pending and registered marks are "substantially identical"). Rather, the pending trademarks are for word marks, while the ESR Trademark is a design mark. (*See* Doc. 29, pp. 23–34; *see also* Doc. 33, p. 8.) Thus, the determination as to the registrability of the word marks is best left for the USPTO. The Court will not consider the pending trademarks.

contacted Amazon and eBay to request removal of JVMAX's bullet shaped antenna product listings, resulting in their removal. (*Id.*) ESR moves to dismiss the claim arguing that: (1) ESR's conduct is protected by the Florida litigation privilege; and (2) there is an insufficient nexus between ESR's communications and JVMAX's relationship with consumers. The Court addresses each in turn.

1. **Litigation Privilege**

Are ESR's communications with Amazon and eBay protected under the Florida litigation privilege? (Doc. 33, pp. 8–10.) "Under Florida law, statements or acts are provided absolute immunity under the litigation privilege if they are: (1) made or committed in the course of judicial or quasi-judicial proceedings; and (2) are connected with, or relevant or material to, the cause in hand or subject of inquiry." *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-37DCI, 2018 WL 735627, at *6 (M.D. Fla. Jan. 26, 2018) (citations and internal quotations omitted). The privilege applies to statutory and common law causes of action, "immunizing conduct undertaken during litigation and conduct that is necessarily preliminary to a judicial proceeding." *Id.* (citations and internal quotations omitted). The "necessarily preliminary" qualifier ensures that "the conduct shielded from liability is really of a kind that can be regarded as having been undertaken in the course of a judicial proceeding and not conduct undertaken separately from it." *AGM Invs., LLC v. Bus. Law Grp., PA*, 219 So. 3d 920, 924 (Fla. 2d DCA 2017).

ESR claims its contact with Amazon and eBay "is nothing more than a settlement demand" which is protected by the litigation privilege. (*Id.* at 9.) Wrong. Sending a complaint to an online marketplace is in no way akin to a settlement demand and was

not "necessarily preliminary" to this suit. (*See* Doc. 33, pp. 9–10.) At the pleading stage, the Court rejects the litigation privilege argument.[5]

## 2. Nexus Between Communications

Second, ESR challenges the alleged requisite relationship between its conduct and JVMAX's customers. (Doc. 33, pp. 10–11.) A claim for tortious interference with a business relationship is established by: "(1) the existence of a business relationship[;] (2) knowledge of the business relationship on the part of the defendant; (3) an intentional and unjustified interference with the business relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (citation omitted). "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). Further, "in order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers." *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996).

---

5 Florida's litigation privilege is an affirmative defense. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1277 (11th Cir. 2004) (citing *Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Trust Co.*, 810 So. 2d 996, 998 (Fla. 2d DCA 2002)). Affirmative defenses are not usually considered at the pleading stage unless "the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) (quoting *Evans v. Parker*, 440 So. 2d 640, 641 (Fla. 1st DCA 1983)). The conclusive applicability of the litigation privilege does not unequivocally appear on the face of the Operative Complaint.

ESR argues that JVMAX's claim fails because JVMAX did not identify any customers who were unable to purchase JVMAX's products as a result of ESR's conduct. (Doc. 33, pp. 10–11.) The Court disagrees. In addition to allegations regarding JVMAX's business relationship with Amazon and eBay, JVMAX asserts that "[o]one or more of [its] customers were unable to purchase bullet-shaped antennas from [JVMAX] on the Amazon and eBay websites." (Doc. 29, p. 36.) At this stage of the proceedings, JVMAX has alleged a business relationship with identifiable customers. As ESR does not challenge any of the other requisite elements of a tortious interference claim, the Motion is denied with respect to Count Ten of the Amended Counterclaim.

### IV. CONCLUSION

**ORDERED AND ADJUDGED** as follows:

1. Counter-Defendant ESR Performance Corp.'s Motion to Dismiss Pursuant to FRCP 12(b)(6) is **GRANTED IN PART AND DENIED IN PART:**

    a. The Motion is **GRANTED** as to Counts Seven and Eight of the Amended Counterclaim (Doc. 29, p. 23–34).

    b. Count Seven of the Amended Counterclaim (Doc. 29, pp. 23) is **DISMISSED WITHOUT PREJUDICE**.

    c. Count Eight of the Amended Counterclaim (Doc. 29, pp. 23–34) is **DISMISSED FOR LACK OF JURISDICTION**.

    d. Otherwise, the Motion is denied.

2. By Tuesday, **May 14, 2019**, Defendant JVMAX, Inc. may file a second amended counterclaim that corrects the deficiencies identified in this Order

as to Count Seven (Doc. 29, p. 23). Should JVMAX fail to timely file a second amended counterclaim, this action will proceed as to all counts in the Amended Counterclaim, except for Count Seven.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 7, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record